STEVEN G. KALAR
Federal Public Defender
Northern District of California
JENYA PARKMAN
Assistant Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700
Facsimile:  (415) 436-7706
Email:      Jenya_Parkman@fd.org

Counsel for Defendant Shumpert

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | Case No.: CR 18–00582 VC |
|---|---|
| Plaintiff, | |
| v. | DECLARATION OF JENYA PARKMAN IN SUPPORT OF MOTION FOR COMPASSIONATE RELEASE |
| RANDALL ELIJAH SHUMPERT, | |
| Defendant. | |

I, Jenya Parkman, declare the following:

1. I am an attorney at law duly admitted to practice in the State of California and admitted to the bar of this Court. I represent the defendant in the above-captioned matter. Unless otherwise noted, I make this declaration based on my own personal knowledge. With respect to those matters not personally known to me, I make this declaration upon information and belief.

2. During December 2020, I had several phone conversations with Randall Shumpert. During those conversations, Mr. Shumpert told me the following:

    - Mr. Shumpert starting smoking cigarettes regularly in 2013 and

continued until his incarceration in 2019, at which point he smoked about half-a-pack per day.

- Mr. Shumpert has not had access to treatment or other BOP programming. He did not have an opportunity to reduce his sentence through the BOP's Residential Drug Abuse Program or to obtain earn time credits.

- Mr. Shumpert has not incurred a single disciplinary infraction during his incarceration.

- When Mr. Shumpert was sick with COVID-19 at Santa Rita Jail, he was isolated in a dingy cell with soiled walls and a dirty faucet for three-and-a-half weeks. He was not permitted to shower, and was denied clean clothes and bedding changes. He thought that he was going to die in Santa Rita Jail.

- When Mr. Shumpert did eventually recover from COVID-19, he was moved to another isolation unit for 14 more days. After that, he was in a unit with other people who had either recovered from COVID-19 or had tested negative. But in June 2020, he was moved to a new 68-person unit that housed kitchen and laundry workers. By July, the virus had decimated that unit, infecting 60 of the inhabitants. Because Mr. Shumpert was likely exposed to the virus during that outbreak (though he was not reinfected), Santa Rita quarantined him for more than two weeks in an 8-by-4-foot cell with one other person. He was confined to that cell for 23 hours per day.

- Mr. Shumpert spent about 14 months in county custody, including 7 months post sentencing. He arrived at Santa Rita Jail from a federal holding facility on July 26, 2019, and was transferred out on September 18, 2020.

- In September 2020, Mr. Shumpert was designated for housing at FCI

Lompoc. During the transfer, he was scheduled to stop at USP Atwater for only three days. For reasons unknown to him (but likely related to the pandemic), Mr. Shumpert was detained at Atwater for more than six weeks (from September 18, 2020 until November 2, 2020). He was quarantined in a cell with one other person the entire time. Quarantining meant that Mr. Shumpert was confined to his cell for 24 hours per day, except for one thirty-minute shower every three days. At Atwater, Mr. Shumpert was treated as though he were in punitive isolation. For example, he was taken to and from the shower in handcuffs, received no hot meals, and was denied access to commissary.

- Since November 2020, Mr. Shumpert has been housed in FCI Lompoc. He was initially quarantined for two weeks in a single-person cell with the same restrictions as at Atwater. Now, he is housed in a large, warehouse-style dormitory with about 160 other people, where the inhabitants sleep three feet apart from each other. There is no social distancing at FCI Lompoc, and his unit is not regularly testing its inhabitants for COVID-19. Mr. Shumpert is afraid for his life at Lompoc.

- If released, Mr. Shumpert would initially move in with his ailing, 78-year-old mother, Mrs. Carolyn Morris-Shumpert, so that he could care for her. He would help his mother with laundry, shopping for groceries, taking out the garbage, cleaning the apartment, doing physical-therapy exercises for her ankle, taking baths, getting downstairs, and going on walks. Once his mother is again able to receive professional assistance, Mr. Shumpert plans to move into a separate apartment near his mother, where he would live with his partner, Rosa Theam, and their two children (ages 4 and 9).

- To the extent permitted by his home-confinement conditions, Mr. Shumpert is also eager to start working, so that he can make good on his

>restitution payments. He knows that his father has found him a job as a watchman for Chevron Corporation, which would pay $30 per hour. He is eager to start that job. Mr. Shumpert also has experience cleaning carpets, painting house interiors and exteriors, and working in a warehouse.

3. Attached as Exhibit A is Mr. Shumpert's compassionate-release request. I sent this letter via email and mail to the warden at FCI Lompoc on November 25, 2020.

4. Attached as Exhibit B are excerpts from Mr. Shumpert's medical records from Santa Rita County Jail.

5. Attached as Exhibit C are excerpts from Mr. Shumpert's medical records from the BOP.

6. Attached as Exhibit D is the BOP's inmate data about Mr. Shumpert as of October 27, 2020.

7. Attached as Exhibit E is a report titled COVID-19 Inspection of BOP Lompoc by Dr. Homer Venters. This report was completed on September 25, 2020, by the neutral expert appointed by the court in *Torres v. Milusnic*, C.D. Cal. No. 20-4450, a class action about Lompoc's response to COVID-19. The report is ECF No. 101-1 on that case's docket.

//
//
//
//
//
//
//
//
//
//

8. Attached as Exhibit F is the following article: *Inmate at Lompoc Prison dies from COVID-19*, News Channel, December 16, 2020, https://keyt.com/news/top-stories/2020/12/16/inmate-at-the-lompoc-prison-dies-from-covid-19/.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on December 21, 2020, in San Francisco, California.

*[signature]*

JENYA PARKMAN